IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01414-JLK-CYC

BOY KILLS WORLD RIGHTS, LLC,

     Plaintiff,

v.

JOHN DOE, subscriber assigned IP addresses shown in Exhibit 1,

     Defendant.

---

## MINUTE ORDER

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on June 22, 2026.**

This matter is before the Court on Plaintiff's Second Motion for Leave to Take Limited Expedited Discovery of Information Prior to Rule 26(f) Conference, ECF No. 13 ("Motion"). For good cause shown, the Court hereby **GRANTS** the motion as follows.

Plaintiff's Motion alleges that the Defendant John Doe, identified only by his or her internet protocol ("IP") addresses, has infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected media. Plaintiff requests permission from the Court to serve limited, immediate discovery on Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning Defendant's identity. Specifically, Plaintiff seeks information from Verizon Wireless for eight IP addresses which engaged in allegedly illegal downloading activity between September 17, 2025 and October 5, 2025. ECF No. 13 at 2–3. Plaintiff believes that, because cellular service providers such as Verizon Wireless "assign IP addresses dynamically at very limited durations such as minutes," it is likely that the eight IP addresses were assigned to the same individual. *Id.* at 5.

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral, but this prohibition is not absolute. Courts may authorize discovery upon a showing of good cause. *See Malibu Media, LLC v. John Does 1-27*, No. 12-cv-00406-REB-KMT, 2012 WL 629111, at *1 (D. Colo. Feb. 27, 2012) (collecting cases). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).

The Court denied Plaintiff's first motion to take early discovery without prejudice. ECF No. 19 (Minute Order denying Plaintiff's Motion for Leave to Take Limited Expedited Discovery of Information Prior to Rule 26(f) Conference, ECF No. 7). The first motion was

deficient because it failed to list or reference any IP addresses for the John Doe defendant. *Id.* Without the IP addresses, the Motion furthermore failed to provide reason to believe that the eight instances of illegal downloading activity between September 17, 2025 and October 5, 2025 are associated with the same individual. *Id.*

The Court now finds good cause for limited expedited discovery. The Motion remedies the deficiencies in the first motion. Plaintiff filed an amended complaint, ECF No. 11, which includes an attachment naming the eight IP addresses sought. ECF No. 1-1. Furthermore, the Motion explains that, in contrast to IP addresses assigned by residential ISPs, "very often multiple IP addresses at which infringement of the same pirated file occur for a cellular service provider are of the same customer." ECF No. 13 at 5. Plaintiff supports this assertion by reference to an affidavit submitted with the first motion, in which he avers that in two other cases, *Capstone Studios, Corp. v. Joel Oswald*, 1:25-cv-416-SASP-WRP (D. Haw. 2025) and *Hunter Killer Productions, Inc. v. AKA Wireless, Inc. d/b/a VICTRA et al.* (D. Haw. 2019), Verizon Wireless provided information identifying a single subscriber for multiple subpoenaed IP addresses. *Id.* (citing ECF No. 7-1, ¶¶ 6–8). Plaintiff explains that this is because, unlike residential IP addresses, a cell phone subscriber is frequently assigned new IP addresses as they move about and ping different cell phone towers.[1] ECF No. 7-1, ¶ 6. The Court therefore finds that Plaintiff has demonstrated a good faith belief that all of the eight IP addresses sought pertain to Defendant John Doe.

Furthermore, Plaintiff states that if the ISP returns information showing that some of the IP addresses belong to different customers, it will "make allegations supporting joinder in an amended complaint." ECF No. 13 at 6.

Therefore, Plaintiff's Motion is granted as follows. Plaintiff may serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the ISP with the limited purpose of ascertaining the identity of Defendant. The subpoena shall be limited to providing Plaintiff with the name and address of the subscriber (Doe Defendant) to whom the ISP has assigned the eight IP addresses identified in ECF No. 11-1. With the subpoena, Plaintiff shall also serve a copy of this Order. The ISP shall notify the subscriber that his/her identity has been subpoenaed by Plaintiff. Finally, the Court emphasizes that Plaintiff may use the information disclosed in response to the subpoena only for the purpose of protecting and enforcing its rights as set forth in its amended complaint, ECF No. 11. The Court cautions Plaintiff that improper use of this information may result in sanctions.

---

[1] Plaintiff states in the affidavit that cell phone ISP subscribers are assigned new IP addresses as they are "traveling and likely ping[ing] different cell phone providers," but in context, it is clear that Plaintiff meant "cell phone towers."